[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14642
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00547-JES-DNF

JONATHAN KYLE LEWIS,

                                                        Plaintiff-Appellant,

versus

CHARLOTTE CORRECTIONAL INSTITUTION EMPLOYEES, et al.,

                                                        Defendants,

SECRETARY, DEPARTMENT OF CORRECTIONS,
POSTMASTER GENERAL,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2014)

Before WILLIAM PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jonathan Lewis, a state prisoner, appeals the dismissal of his third amended complaint for failure to state a claim upon which relief may be granted. The complaint purported to advance 42 U.S.C. § 1983 and *Bivens*[1] claims of inmate-mail violations by Florida Department of Corrections ("FDOC") officers and the United States Postmaster General ("postmaster general). The dismissal order was made in a full opinion: approaching 40 pages.

The appeal presents these issues:

(1)    Whether the district court erred in denying Lewis's motions for extension of time to respond to the defendant's motion to dismiss

(2)    Whether the district court erred by dismissing Lewis's complaint before (A) the postmaster general filed a motion to dismiss and (B) the parties conducted discovery

(3)    Whether the court erred in dismissing Lewis's complaint for failure to state a claim upon which relief may be granted when it concluded that (A) Lewis pleaded only unsupported, general, conclusory allegations; (B) the defendants were entitled to sovereign-immunity protections; and (C) Lewis did not have a right to send mail at the prison's expense

(4)    Whether the district court erred in dismissing Lewis's complaint for abuse of the judicial process where he misrepresented his litigation history

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2

No reversible error is presented by this appeal.

a.

Where an act must be done within a specified time, the court may, for good cause, extend that time.  Fed.R.Civ.P. 6(b)(1).  We review a district court's denial of an extension of time for abuse of discretion.  *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004).  Under the abuse-of-discretion standard, "so long as the district court does not commit a clear error in judgment, we will affirm."  *Id.* at 863.

Lewis was granted one extension of time and was informed that no other extensions would be granted.  The court did not abuse its discretion by denying Lewis additional extensions of time to respond to the FDOC's motion to dismiss.  Lewis's many filings during the time in which he had to respond to the motion to dismiss undercut his contention that he needed additional time.  Furthermore, Lewis's complaint was due to be dismissed, pursuant to 28 U.S.C. § 1915A.

b.

A "court shall review, … as soon as practicable,"  a complaint filed in a prisoner's civil action against a governmental entity or officer and will dismiss any portion of the complaint that "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(a), (b)(1).  We review a district court's dismissal for failure to state a claim under § 1915A(b)(1) *de novo*.  *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2008).  We construe a *pro se* litigant's pleadings liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  But "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds, as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

To prevail in a § 1983 action, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.  *Griffin v.*

4

*City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  A complaint is subject to Rule 12(b)(6) dismissal when its allegations indicate the existence of an affirmative defense, AS long as the defense clearly appears on the face of the complaint.  *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).

"Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."  *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  A *Bivens* action does not lie against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994).

The district court did not err by dismissing Lewis's complaint for failing to state a claim upon which relief may be granted.  Lewis's complaint was devoid of specific factual allegations against the defendants.  Lewis -- making only general, conclusory allegations claiming that the FDOC mishandled his mail  -- failed to show that he was deprived of a federal right.  *See Griffin*, 261 F.3d at 1303.  Moreover, a claim for damages against the FDOC officers fails because the state officials sued in their official capacities are immune from such relief.  *See Jackson*, 16 F.3d at 1575. And Lewis has no *Bivens* claim against the postmaster general in his official capacity, which is construed as a claim against the United States Postal Service.  *See Meyer*, 510 U.S. at 484-86, 114 S.Ct. at 1005-06.  For background on suits against USPS, see *USPS v. Flamingo Indus. (USA), Ltd.*, 540 U.S. 736, 744,

124 S.Ct. 1321, 1327, 158 L.Ed.2d 19 (2004) (although Congress waived the immunity of the postal service, "Congress did not strip it of its governmental status": an important distinction because "[a]n absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity").   Furthermore, to the extent Lewis argues that the court prematurely dismissed his complaint before a response from the postmaster general or a discovery period, this argument is contrary to the screening requirements of § 1915A.  *See* 28 U.S.C. § 1915A(a).  In addition, Lewis failed to disclose his litigation history, although instructed to do so.

**AFFIRMED.**